## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

KEVIN E. DENNIS,

  Petitioner,

  v.

UNITED STATES OF AMERICA,

  Respondent.

       CASE NO. 2:07-CV-1313
       CRIM. NO. 2:05-CR-248(2)
       JUDGE EDMUND A. SARGUS, JR.
       MAGISTRATE JUDGE KING

### OPINION AND ORDER

On September 14, 2012, and after conducting an evidentiary hearing, the Magistrate Judge issued a *Report and Recommendation* recommending that Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, Doc. No. 102, be granted on Petitioner's claim that he was denied the effective assistance of counsel because his attorney failed to consult with him regarding the filing of an appeal. *Report and Recommendation*, Doc. No. 119. Petitioner has filed *Objections,* Doc. No. 122, *Supplemental Objections*, Doc. No. 138, and a *Memorandum in Opposition to Government's Objections,* Doc. No. 135; Respondent has filed *Objections*, Doc. No. 129, and A*mended Objections*, Doc. No. 131. For the reasons that follow, Respondent's *Objections* and *Amended Objections* are **OVERRULED** and Petitioner's *Objections* and *Supplemental Objections* are **DENIED** as moot.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** The petition for a writ of habeas corpus is **GRANTED** on Petitioner's claim that he was denied the effective assistance of counsel because his attorney failed to consult with him regarding the filing of an appeal.

**Respondent's Objections:**

The Magistrate Judge recommended that habeas corpus relief be granted on Petitioner's claim that his attorney failed to consult with him after sentencing about the filing of an appeal, in violation of *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000). According to Respondent, this issue was not included in the mandate issued by the United States Court of Appeals for the Sixth Circuit. *See Dennis v. United States of America*, Case No. 10-3491 (6th Cir. Aug. 2, 2011). Respondent specifically contends that this Court's review is limited to the issue of whether defense counsel performed in a constitutionally ineffective manner by failing to file an appeal after expressly being requested to do so. Respondent also contends that the law of the case requires that the Court again reject Petitioner's claim. *See Amended Objections*, PAGEID #1122-23. Alternatively, Respondent argues that the record fails to support the Magistrate Judge's conclusion that defense counsel performed in a constitutionally ineffective manner. In this regard, Respondent argues that defense counsel fulfilled his constitutional obligation of consulting with Petitioner regarding the filing of an appeal when he met with Petitioner on the day prior to sentencing.

The United States Court of Appeals for the Sixth Circuit remanded this case with the following language:

> [W]e vacate the district court's judgment and remand with instructions to
> conduct an evidentiary hearing to determine whether Dennis requested counsel
> to file a notice of appeal. Because Dennis's other issues concerning counsel's
> failure to consult with him about an appeal of non-frivolous issues are
> related to the issue remanded, we take no position on them at this time.

*Id.,* p. 4. Although a district court is bound to limit its inquiry to the scope of an appellate court's remand, *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999)(citing *United States v. Hicks*, 146 F.3d 1198, 1200 (6th Cir. 1998)), a remand may be general or limited in scope. *Id.* at

266. A limited remand explicitly outlines the issues to be addressed by a district court and creates "a narrow framework within which the district court must operate." *Id.* (citing *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997). "This 'mandate rule' is the specific application of the law of the case doctrine, " *Jones v. Lewis*, 957 F.2d 260, 262 (6th Cir. 1992)(citation omitted), whereby findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). The mandate rule requires lower courts to adhere to the commands of a superior court. *Id.* (citing *United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993)). Thus, the mandate rule and the law of the case doctrine "generally preclude a lower court from reconsidering an issue expressly or impliedly decided by a superior court." *Id.*

However, a court also possesses, on remand, the limited discretion to reopen issues under certain circumstances. *Id.* (citing *Petition of United States Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973)). Further, "[r]emands are presumed general in the absence of limiting language" by the appellate court that clearly conveys an intent to limit the scope of the district court's review. *United States v. Hughley*, 118 Fed.Appx. 896, unpublished, 2004 WL 2912808, at *1 (6th Cir. Dec. 13, 2004)(citing *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997); *United States v. Orlando*, 363 F.3d 596, 601 (6th Cir. 2004)).

In this case, the order of remand by the Sixth Circuit did not reflect an intent to limit the scope of this Court's consideration of Petitioner's claim of ineffective assistance of counsel. To the contrary, the Court of Appeals explicitly declined to address the issue of whether defense counsel performed in a constitutionally ineffective manner by failing to consult with Petitioner and implied that the issue was appropriate for consideration by this Court. *Dennis v. United States of America*, Case No. 10-3491, p. 4 ("Because Dennis's other issues concerning counsel's

failure to consult with him about an appeal of non-frivolous issues are related to the issue remanded, we take no position on them at this time."). Moreover, the interest of judicial economy compels this Court to consider that claim, particularly since the evidence adduced at the evidentiary hearing necessitates reconsideration of this Court's prior resolution of this claim.

Respondent's objection to this Court's consideration of whether defense counsel performed in a constitutionally ineffective manner by failing to consult with Petitioner regarding the filing of an appeal is therefore denied.

Respondent also objects to the Magistrate Judge's conclusion that defense counsel violated the mandate of *Roe v. Flores-Ortega*, 528 U.S. 470, by failing to confer with Petitioner regarding the filing of an appeal. Respondent argues that counsel fulfilled his constitutional duty by meeting with Petitioner on the day before sentencing, when he discussed with Petitioner the right to appeal generally. *See Amended Objections*, PAGEID #1124-26. Respondent also refers to trial counsel's testimony regarding a "closing ceremony" between Petitioner and defense counsel, during which Petitioner made no express request that his counsel file an appeal. *Id.* PAGEID #1126.

Petitioner's former counsel testified that, on the day prior to sentencing, he reviewed with Petitioner the anticipated sentencing procedures, including the advice that defendant would have 14 days in which to file an appeal, and that he would be asked whether he wants a notice of appeal filed to be filed on his behalf. *Transcript of the Evidentiary Hearing,* Doc. No. 116, at PAGEID #954-55. "I go over that when I do the sentencing prep so that question doesn't hit them cold because some defendants don't know how to answer that. You prep them for it." *Id.*

> I explain what typically is appealable. I explain there are certain
> things that are difficult, denial of a 5K1.1 if the U.S. Attorney
> doesn't move for. And I also discuss what reasonableness is in a
> generic sense as the law was developed at that time.

4

*Id.* Counsel estimated that he spent no more than five minutes discussing the appeal with Petitioner. *Id.* at 956. He had no further discussion with Petitioner regarding the filing of an appeal. *Id.*

When he was asked, at his sentencing, if he wanted the Court to file a notice of appeal on his behalf, Petitioner responded, "Not at this time, sir." *Sentencing Transcript*, Doc. No. 50, PAGEID #255. At the evidentiary hearing, Petitioner explained this response:

> Because I wasn't sure of what it entailed. I didn't understand it. I really didn't understand the process or anything − I hadn't discussed with my attorney anything about an appeal. So I didn't know exactly what the advantages or the disadvantages would be, what kind of − what kind of liabilities I could face or, you know, what purpose it would serve. I mean just filing an appeal about what? I didn't know about what.

*Transcript of the Evidentiary Hearing*, at PAGEID #903.[1]

This Court is not persuaded that, under the circumstances presented in this case, defense counsel's limited discussion with Petitioner on the day prior to sentencing fulfilled his obligations under *Roe v. Flores-Ortega.* None of the cases referred to by Respondent in support of this argument are precisely analogous to the facts presented in this case. As discussed by the Magistrate Judge, Petitioner expressed to his counsel his unhappiness with his sentence and told his attorney immediately after sentencing that Petitioner needed to speak with his counsel. It is undisputed that at no time after sentence was imposed did defense counsel discuss with Petitioner the advantages and disadvantages of filing an appeal nor did defense counsel ask Petitioner whether he wanted to file an appeal. Moreover, defense counsel could not say, at the time, that Petitioner's sentence was not appealable or presumptively reasonable under *United States v. Booker*, 543 U.S. 220 (2005). *Transcript of the Evidentiary Hearing,* PAGEID # 132-

---

[1] Indeed, Attorney Pfeuffer could not recall, at the evidentiary hearing, whether he advised Petitioner that a reversal on appeal could result in a longer sentence, although defense counsel knew that that was a possibility. *Transcript of Evidentiary Hearing*, PAGEID #955.

33. Under all these circumstances, and for the reasons already detailed in the Magistrate Judge's *Report and Recommendation*, this Court agrees that counsel was constitutionally obligated to inquire whether Petitioner wanted to pursue an appeal and to consult with Petitioner regarding the advantages and disadvantages of doing so. *See Roe v. Flores-Ortega*, 528 U.S. at 470. The Court therefore concludes that this claim, *i.e.*, that Petitioner's trial counsel failed in his constitutional duty to consult with Petitioner regarding the filing of an appeal, is meritorious and warrants habeas corpus relief.

**Petitioner's Objections:**

In his motion to vacate, Petitioner also alleged that he expressly directed his attorney to file an appeal on Petitioner's behalf. Moreover, Petitioner testified at the evidentiary hearing that, while he was incarcerated at the Ross County jail after sentencing, he submitted for mailing by jail officials a letter to his attorney directing that an appeal be pursued on his behalf. Petitioner has no copy of the letter and his former trial attorney testified at the evidentiary hearing that he did not receive a letter from Petitioner directing that an appeal be filed on Petitioner's behalf. The Magistrate Judge declined to credit Petitioner's testimony in this regard:

> Mr. Pfeuffer credibly testified that he received no such letter, Petitioner
> has no copy of such a letter and Petitioner offered no credible
> explanation why he communicated with his counsel on this critical
> matter by letter rather than by collect telephone call, as had been his practice.

*Report and Recommendation*, p. 10. Petitioner objects to this credibility finding. arguing that there is no evidence that he did not mail a letter to his attorney, and that there is evidence that mail from other inmates had previously not been received by the Office of the Federal Public Defender, and that Petitioner lacked the means to photocopy his letter. *Petitioner's Objections*. Petitioner also argues that equitable tolling should apply and that he was abandoned by his counsel after sentencing. *Id.; Supplemental Objections*.

6

In light of the Court's determination that relief is appropriate on Petitioner's claim that his attorney failed to consult with Petitioner regarding the filing of an appeal, the Court need not and does not address the substance of Petitioner's objections to *the Report and Recommendation*.

Petitioner's *Objections*, Doc. No. 122, and *Supplemental Objections*, Doc. No. 138, are **DENIED** as moot. Respondent's *Objections*, Doc. No. 129, and *Amended Objections*, Doc. No. 131, are **OVERRULED**. The *Report and Recommendation*, Doc. No. 119, is **ADOPTED** and **AFFIRMED**.

The motion to vacate under 28 U.S.C. § 2255 is **GRANTED** on Petitioner's claim that he was denied the effective assistance of counsel because his attorney failed to consult with him regarding the filing of an appeal. The February 15, 2007, final judgment, Doc. No. 41, is hereby **VACATED**. The Clerk is **DIRECTED** to enter a new judgment so that a timely notice of appeal may be filed by Petitioner's counsel on Petitioner's behalf.

_1-15-2013_
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**